J-S23016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MIGUEL ALICEA | |
| Appellant | No. 2640 EDA 2015 |

Appeal from the PCRA Order July 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0902921-1996

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 16, 2016.**

Miguel Alicea appeals, *pro se*, from the order entered July 29, 2015, in the Philadelphia County Court of Common Pleas denying his petition for writ of *habeas corpus*, which the court construed to be a third petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Alicea seeks relief from the judgment of sentence of an aggregate 17½ to 35 years' imprisonment imposed on October 6, 1999, following his convictions for involuntary deviate sexual intercourse, incest, and corruption of a minor.[1]  On appeal, Alicea argues the PCRA court erred

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S. §§ 3123, 4302, and 6301, respectively.

in dismissing his petition because his sentence is a legal nullity pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013).[2] We affirm.

The facts underlying this appeal are well known to the parties, and were summarized by a panel of this Court in a prior unpublished decision affirming the judgment of sentence. *Commonwealth v. Alicea*, 778 A.2d 1237 [1197 EDA 2000] (Pa. Super. 2001) (unpublished memorandum). Therefore, we need not recite them herein, but only mention that Alicea's convictions stem from the long-term sexual assault of his minor grandson. The Pennsylvania Supreme Court denied allowance of appeal on October 9, 2001. *Commonwealth v. Alicea*, 788 A.2d 371 (Pa. 2001).

---

[2] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, *supra*, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). *See Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (invalidating 18 Pa.C.S. § 6317); *Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), (invalidating 18 Pa.C.S. § 7508), *appeal denied*, 121 A.3d 496 (Pa. 2015); *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014) (invalidating 18 Pa.C.S. § 9718), *appeal granted*, 121 A.3d 433 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. *Hopkins*, *supra*, 117 A.3d at 262; *Newman*, *supra*, 99 A.3d at 101.

On January 3, 2003, Alicea filed his first PCRA petition, claiming trial counsel was ineffective for failing to advise him regarding what to say at his sentencing hearing. The PCRA court dismissed his petition on October 29, 2004. A panel of this Court affirmed the order on October 5, 2006, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on March 20, 2007. **Commonwealth v. Alicea**, 913 A.2d 937 [3249 EDA 2004] (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 919 A.2d 954 (Pa. 2007).

On September 15, 2010, Alicea filed a petition for writ of *habeas corpus*. Following review and proper Pa.R.Crim.P. 907 notice, the court treated the filing as a PCRA petition and dismissed it as untimely filed on February 3, 2014.

Subsequently, on January 15, 2015, Alicea filed the present *pro se* petition, again styled as a petition for writ of *habeas corpus*, in which he asserted his mandatory minimum sentence, imposed pursuant to 18 Pa.C.S. § 9718, is a nullity in light of **Alleyne**, *supra*. The PCRA court treated the document as a PCRA petition and on June 15, 2015, it issued a Rule 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing. Specifically, the court found the petition was untimely filed and did not invoke an exception to the timeliness provisions of the

PCRA,[3] and therefore, it did not have jurisdiction to review the matter. Alicea filed a response to the Rule 907 notice on June 24, 2015. Nevertheless, on July 29, 2015, the PCRA court denied Alicea's petition. This appeal followed.[4]

In his sole issue on appeal, Alicea complains that his sentence is a nullity because the applicable mandatory sentencing statute, Section 9718, has been ruled facially unconstitutional. Alicea's Brief at 7. ***See Wolfe***, ***supra*** (concluding Section 9718 was facially unconstitutional due to the mandatory minimum scheme). Relying on ***Alleyne***, ***supra***, and its progeny, Alicea states his "sentence cannot stand, as he is due a penalty crafted without any regard to the unconstitutionally infirm statute." Alicea's Brief at 8. Moreover, he states:

> The question of retroactivity has also been answered, as an unconstitutional statute is ineffective for any purpose, because it's [sic] unconstitutionality dates from the time of it's [sic] enactment, not merely from the date of the decision holding it so. As the statutes have clearly been held to be unconstitutional, and have been so since the date of their enactment, [Alicea] is not subject to any timeliness constraints, nor is a retroactivity analysis necessary. The only remedy available to this [C]ourt is to vacate the sentence and remand for re-sentencing absent the aggravating factor in the sentence.

***Id.*** at 10-11 (citation omitted).

---

[3] ***See*** 42 Pa.C.S. 9545(b)(i-iii).

[4] The PCRA court did not order Alicea to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Nevertheless, on October 20, 2015, the court issued an opinion under Pa.R.A.P. 1925(a).

Preliminarily, we note the court properly construed Alicea's *habeas* petition to be a PCRA petition. The PCRA clearly states it is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies …, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. The writ of *habeas corpus* does exist under Pennsylvania law, but "only in cases in which there is no remedy under the PCRA." ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998). Therefore, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is exclusive to the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004), *cert. denied*, 546 U.S. 909 (2005) (emphasis removed).[5] Accordingly, because "application of a mandatory minimum sentence gives rise to illegal sentenc[ing] concerns,"[6] the court properly reviewed Alicea's petition under the rubric of the PCRA.

Turning now to the merits of the appeal, our standard of review of an order denying PCRA relief is well-established. We must determine "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d

---

[5] ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) ("Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.") (footnote omitted).

[6] ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*).

1, 4 (Pa. Super. 2014) (internal citations omitted).    Furthermore, we emphasize:

> A PCRA court is only required to hold a hearing where the petition, or the Commonwealth's answer, raises an issue of material fact.  When there are no disputed factual issues, an evidentiary hearing is not required.  If a PCRA petitioner's offer of proof is insufficient to establish a *prima facie* case, or his allegations are refuted by the existing record, an evidentiary hearing is unwarranted.

***Commonwealth v. Eichinger***, 108 A.3d 821, 849 (Pa. 2014) (internal citations omitted).

In the present case, the PCRA court determined Alicea's petition was untimely filed.  We agree.  Alicea's sentence was final on January 7, 2002, 90 days after the Pennsylvania Supreme Court denied review, and Alicea failed to file a writ of *certiorari* in the United States Supreme Court.  **See** 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States … , or at the expiration of time for seeking the review."); **see also** U.S. Sup.Ct. R. 13.1.   The statute explicitly requires that a PCRA petition must be filed "within one year of the date the judgment becomes final[.]"   42 Pa.C.S. § 9545(b)(1).   As such, Alicea's present petition is manifestly untimely.

Nevertheless, as noted above, an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions:

- 6 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).  Further, any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented."  *Id.* at § 9545(b)(2).

Here, Alicea does not invoke any exception. He maintains his issue relates to the legal nullity of his sentence and therefore, the exceptions do not apply.  However, this argument has no support under the PCRA.

The mandate of the statute is clear:

The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. ***Commonwealth v. Abu–Jamal***, 574 Pa. 724, 833 A.2d 719, 723–24 (2003); ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.  ***Murray***, at 203.

*Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).[7]  This includes an

*Alleyne* claim challenging the legality of a sentence.  *See Commonwealth*

*v. Miller*, 102 A.3d 988, 995 (Pa. 2014).

Furthermore, we find Alicea's argument fails for several reasons.  First,

Alicea's claim does not touch upon the governmental interference exception

as set forth in Section 9545(b)(1)(i) because he does not contend the

government obstructed his right to present the claim.

Second, this Court has "expressly rejected the notion that judicial

decisions can be considered newly-discovered facts which would invoke the

protections afforded by section 9545(b)(1)(ii)."  *Commonwealth v.*

*Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75

(Pa. 2013).  Even if we were to find that a judicial decision could constitute a

newly discovered fact, Alicea has failed to establish he filed his petition

"within 60 days of the date the claim could have been presented" as

required by 42 Pa.C.S. § 9545(b)(2).  "[W]e have previously said that 'the

sixty-day period begins to run upon the date of the underlying judicial

decision'" not when the petitioner first learns of the decision.

*Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (citation

omitted).  *Alleyne* (filed on June 17, 2013) was decided more than 60 days

prior to the date Alicea filed his PCRA petition.  Consequently, Alicea has not

---

[7]  *See also Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999);
*Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011).

met his burden of establishing the newly discovered facts exception to the one-year filing requirement.

Third, with respect to the new constitutional right exception set forth at Subsection 9545(b)(1)(iii), we note that in **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), a panel of this Court held that an **Alleyne** claim fails to satisfy the "new constitutional right exception to the time-bar" codified at Section 9545(b)(1)(iii) because neither the United States or Pennsylvania Supreme Court has held that **Alleyne** is to be applied retroactively. **Miller**, **supra**, 102 A.3d at 995. As such, **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition, such as the case here. **Id**.[8] **See Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) ("The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.").

_____

[8] In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the **Miller** Court explained:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence had become final**. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Id.** at 995 (citations omitted) (emphasis supplied).

In conclusion, we agree with the conclusion of the PCRA court that Alicea's petition was untimely filed, and he failed to establish the applicability of a time-for-filing exception. Accordingly, there were no factual issues in dispute necessitating an evidentiary hearing, and we find no error on the part of the PCRA court in dismissing Alicea's petition without first conducting a hearing. *See Eichinger*, *supra*. Therefore, we affirm the order dismissing Alicea's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016